**Hoosier Engineering Company v. Charles T. Shea, Commissioner of Taxes**

[ 205 A.2d 821 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1964

*W. Edson McKee* for taxpayer.

*Charles E. Gibson, Jr.,* Attorney General, for the Commissioner.

**Keyser, J.** The plaintiff appeals to this court from the judgment order of the Washington County Court dismissing its appeal from the ruling of the Commissioner of Taxes respecting its franchise tax liability under 32 V.S.A. §5902 for the year 1962. An agreed statement of facts was filed by counsel of the respective parties. The court made findings of fact incorporating the agreed facts verbatim.

The following facts are undisputed. The plaintiff is a Delaware corporation engaged in the business of the erection and maintenance of electrical transmission lines.

It did business in Vermont in 1962 and was subject to the corporation franchise tax. Plaintiff, filed its tax return for 1962 as required by law which showed a tax due of $1,191.49. This tax was paid under protest. The return included an item of income of $600,168.89. This item represented a capital gain on its sale of 400 shares of stock, a 41 percent ownership, in the Canadian Hoosier Company, Ltd., a Canadian corporation. On September 26, 1963, the plaintiff filed with the commissioner an amended tax return with this item of capital gain eliminated. This showed the tax liability to be $215.02. Concurrently the plaintiff applied for a revision of its tax liability as determined by the amended return.

The Commissioner of Taxes rejected plaintiff's application for a revision and reduction of its tax thereby resulting in an appeal to the county court.

The assessment of a franchise tax is governed by 32 V.S.A. §5902 which provides:

"For the privilege of exercising its franchise in this state in a corporate or organized capacity, every domestic corporation and, for the privilege of doing business in this state, every foreign corporation liable to tax under this subchapter shall annually pay to this state a franchise tax to be measured by its net income to be computed, in the manner hereinafter provided, at the rate of five percent upon the basis of its net income as herein computed for the next preceding income year. However, each such corporation shall pay a tax of not less than $25.00 for each such income year."

The tax involved here is an annual tax on the privilege of doing business in Vermont and is not a direct tax on income. *Gulf Oil Company v. Morrison,* 120 Vt. 324, 330, 141 A.2d 671, 675. However, it

does involve a computation of the net income of the corporation since the tax is measured by the net income of the corporation.

"Net income" is defined by 32 V.S.A. §5901 (b) (3) :

" ' Net income' means the total net income for the income year, as defined under the internal revenue code of the United States in effect June 1, 1947, without deductions for losses sustained by the corporation in other years, although such losses may be deductible under such code, plus any amount allowed as a deduction under such code as compensation for personal services rendered, or as interest, in excess of what the commissioner may determine to be reasonable."

32 V.S.A. §5903 provides the method to be used in computing the apportionment of net income to be allocated to the state where, as here, the entire business is not transacted in Vermont. Such apportionment must result in a fair and equitable proportion of such net income to the state. The statutory formula provides three factors that are to be considered to determine the percentage of the net income which is to be allocated to Vermont, namely, property, wages or payrolls, and business receipts.

The plaintiff argues that the commissioner should have exercised his judgment and determined that its case is a special case under subsection (b) of 32 V.S.A. §5903. To become a special case, the three-factor formula must result in an unfair and inequitable allocation to the state. The plaintiff concedes it has "no quarrel" with the factor formula. By filing its amended tax return omitting the capital gain items with its petition for revision, it is apparently plaintiff's position that the commissioner acting in his discretion under sub-section (b) should have allowed the capital gain to be eliminated and assessed the tax on the amended return. In fact, in its brief plaintiff urges this result. To adopt plaintiff's theory of the case, would be to nullify and render ineffective the statute defining net income.

It is our rule "that acts which purport to have been done by public officers in their official capacity, and within the scope of their duty will be presumed to have been regular and in accordance with their authority." *Billado* v. *Control Commissioners,* 114 Vt. 350, 356, 45 A. 2d. 430, 433. *In Re Charizio,* 120 Vt. 208, 138 A.2d. 430; *Troy* v. *American Fidelity Co.,* 120 Vt. 410, 143 A.2d 469.

■ It is apparent from the tax return, an exhibit in the case, that the commissioner determined the amount of plaintiff's net income as required by statute. The allocation of the net income to Vermont was computed by the commissioner by applying the three factors specified in the foregoing statute. In other words, the statutory test was complied with. On the facts presented by the findings, the action of the commissioner was mandatory under the statute. There is no statutory authority for him to do otherwise.

The findings are silent as to any unauthorized, improper or irregular act by the commissioner in his determination and assessment of plaintiff's franchise tax. Also, no fact is agreed to, or found by the court, that the tax was illegally assessed. The matter of assessment is placed squarely within the authority of the commissioner by the statutes quoted. The jurisdiction of the court is confined to passing upon the legality of the assessment made by the Commissioner. *Union Twist Drill Co.* v. *Harvey,* 113 Vt. 493, 508, 37 A.2d 389, 398; 32 V.S.A. §6070.

As we have said, the tax assessment is based on the application of the statutory three-factor formula to the reportable net income allocated to plaintiff's operation in Vermont. This is in strict compliance with the statute.

The use of judgment or discretion on the part of the commissioner arises only when the application of the factor formula does not result in a fair and equitable allocation of the net income to the state.

■ It is not the application of the factor formula which creates the result complained of by plaintiff. Rather, it is the inclusion of the capital gain item as an integral part of plaintiff's net income. Subsection (b) does not apply to the facts presented by the record in this case. There is no area here for the use of discretion by the commissioner and he has no statutory authority to exclude capital gains or any other item of net income based on the federal code.

The plaintiff cites *Sheraton Bldgs. Inc., Realtor* v. *Tax Commissioner,* 222 N.Y.S. 2d 192 in support of its position. That case is distinguished from the case at bar both on the dissimilarity of the tax statutes involved and the factual situation presented in each case. The New York court ordered the Tax Commissioner to exclude the capital gain from net income. As we have pointed out, under Vermont tax statutes no such authority is granted to the Commissioner of Taxes or to the court.

In the *Gulf Oil Corporation* case, *supra,* this court held at page 328, "In its Vermont Franchise Tax return the petitioner reported its income from dividends as part of its net income computation for its federal return. Therefore it was an integral part of the computation of net income for purposes of allocation under the statutes which we quoted, *supra,* even though the corporations from which the petitioner received its dividends had no direct relationship with the petitioner's business in Vermont."

The facts in that case are analogous to the facts here. There the income was from dividends. Here it is income from a capital gain on the sale of an asset, or property, which formed an integral part of its financial and economic structure. In each case the income must be reported on the federal return in computing net income. The *Gulf* case, *supra,* is directly in point and controls here.

Plaintiff's appeal from the judgment raises only the question of whether the judgment order is supported by the findings. *Neverett* v. *Towne,* 123 Vt. 45, 53, 179 A.2d 583, 588; *DeGoesbriand Hospital* v. *Alburg,* 122 Vt. 275, 283, 169 A.2d 360. It is only the necessary inferences which can be drawn from the findings that may be considered here. We never read into findings a fact not there. *St. Albans Hospital* v. *City of St. Albans,* 107 Vt. 59, 62, 176 Atl. 302, 303.

Where a case is tried by court and facts found, and findings stand unchallenged, the case in Supreme Court is controlled by the facts found. *Montpelier* v. *Bennett,* 119 Vt. 228, 125 A.2d 779.

On the record produced before us, no error appears.

*Judgment affirmed.*