# F. W. Woolworth Company v. Commissioner of Taxes of the State of Vermont

[328 A.2d 402]

No. 36-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed October 1, 1974

Motion for Reargument Denied November 14, 1974

*Paterson, Gibson, Noble & Brownell,* Montpelier, and *Armstrong & Bray,* New York, of counsel, for Plaintiff.

*Kimberly B. Cheney,* Attorney General, *James E. Hirsch,* Assistant Attorney General, and *Charles E. Goldkamp,* Deputy Commissioner of Taxes, for Defendant.

Daley, J. This is an appeal from an order of the Washington County Court affirming a determination of the Commissioner of Taxes. That determination was a result of a remand ordered by this Court in *F. W. Woolworth Co.* v. *Commissioner of Taxes,* 130 Vt. 544, 298 A.2d 839 (1972). F. W. Woolworth Co., the appellant, here argues that the Commissioner of Taxes did not completely comply with this Court's holding in that case in making his determination. The Commissioner of Taxes, the appellee, here contends that his determination is indeed in full compliance with this Court's holding in that case.

This matter originated when Woolworth complained of an assessment of additional corporate income taxes against it by the Commissioner for the years 1966 through 1969. The heart of Woolworth's complaint was the Commissioner's disallowance of Woolworth's exclusion from its taxable income of the "foreign tax credit dividend gross-up" which was reported as income on Woolworth's Federal tax return.

This item, known as "gross-up", is taxable under the laws of the United States in the following situation. In Section 902 of the Internal Revenue Code, a domestic corporation, *i.e.* within the United States, which owns at least ten per cent of the voting stock of a foreign corporation from which it receives dividends in any taxable year, is deemed to have paid part of the taxes paid or deemed paid by the foreign corporation to the extent the dividends are paid out of accumulated profits for the year. The amount deemed paid by the domestic corporation is that proportion of the foreign taxes which the amount of dividends actually received bears to the amount of accumulated profits minus foreign taxes paid or accrued. 34 Am.Jur.2d *Federal Taxation* ¶ 8414 (1969). A domestic

corporation electing to take a "deemed paid foreign tax credit" must add to its gross income the amount of the deemed paid foreign taxes before it takes the credit. The purpose of "gross-up" is to avoid giving the domestic corporation both a credit and a deduction for the foreign tax deemed paid on its federal income tax return, which would otherwise result from the allowance of a full credit against tax liability computed only on the dividend paid. *See F. W. Woolworth Co. v. Commissioner of Taxes, supra,* 130 Vt. at 551.

Under the Vermont corporate income tax structure, it is necessary to determine the amount of Woolworth's taxable income under the laws of the United States because that is the starting point for the assessment of the Vermont corporate income tax. 32 V.S.A. §§ 5811(18), 5888; *F. W. Woolworth Co. v. Commissioner of Taxes, supra,* 130 Vt. at 552. Where the income of a taxable corporation is derived from business activity conducted both within and without Vermont, as in Woolworth's case, an apportionment of the corporation's taxable income under the laws of the United States is made, so that only that part of the income earned by a corporation in Vermont is subject to the Vermont corporate income tax. 32 V.S.A. § 5833(a). *See Union Twist Drill Co. v. Harvey,* 113 Vt. 493, 507, 37 A.2d 389 (1944). *See also Norfolk and Western Railway Co. v. Missouri Tax Commission,* 390 U.S. 317, 325 (1968).

To undertake this apportionment, a formula is provided in 32 V.S.A. § 5833. This formula allocates to Vermont a fair and equitable portion of taxable income of a corporation under the laws of the United States utilizing three factors: (1) the ratio of all real and tangible property within Vermont to all such property both within and without Vermont; (2) the ratio of total wages, salaries and other personal service compensation paid within Vermont to all such compensation paid whether within or without Vermont; and (3) the ratio of gross sales, or charges for services performed, within Vermont to all such sales and charges whether within or without Vermont.

In *F. W. Woolworth Co. v. Commissioner of Taxes, supra,* 130 Vt. at 557, this Court required the Commissioner to adjust the apportionment formula under the authority vested in him by 32 V.S.A. § 5833(b) and reassess Woolworth's

corporate income taxes for the years 1966 through 1969 because:

> The obvious effect of including the "gross-up" . . . is to increase the Vermont net income by including this item of foreign subsidiary dividend income in the Vermont net income, while at the same time failing to reflect in the three factors any of the activities of the foreign subsidiaries which have no business activity in Vermont.

In the above quotation the term "Vermont net income" means the taxable income of the corporation for the taxable year under the laws of the United States. 32 V.S.A. § 5811 (18). It should be noted that the Legislature has since excluded from Vermont net income the gross-up of dividends required by the Federal Internal Revenue Code to be taken into taxable income in connection with the taxpayer's election of the foreign tax credit. See Section 12 of No. 73 of the Public Acts of 1971.

Following this Court's opinion, the Commissioner issued a determination in which he adjusted the apportionment formula utilized to allocate a fair and equitable portion of Woolworth's taxable income under the laws of the United States to Vermont for the years 1966 through 1969. His new formula included the property, wages, and sales of Woolworth's foreign subsidiaries as factors to allocate a fair and equitable portion of the "gross-up" item of Woolworth's taxable income. The Commissioner maintains that this determination is in full compliance with this Court's holding in *F. W. Woolworth Co.* v. *Commissioner of Taxes, supra.*

Woolworth argues that the Commissioner's determination does not comply with this Court's holding because, as stated in its brief, "the formula should be modified to include foreign property, payroll, and sales to the extent the non-'gross-up' portion as well as the 'gross-up' portion of foreign dividends are included in apportionable income." This argument is predicated on the assumption that the dividend income that Woolworth receives from its foreign subsidiary corporations and its "gross-up" of its Federal taxable income that it is required to make in order to take the "deemed paid foreign tax credit" cannot be separated for purposes of allocation.

These items, therefore, would both be apportioned utilizing the Commissioner's adjusted formula, rather than the formula used to allocate other forms of taxable income. Woolworth supplements this argument with the allegation that its foreign dividends represent income from its foreign stores, thus necessitating the inclusion of the foreign apportionment factors in the apportionment formula to allocate a fair and equitable portion of its dividend income to Vermont.

Similar arguments as these were heard by this Court in *Gulf Oil Corp.* v. *Morrison*, 120 Vt. 324, 141 A.2d 671 (1958). Although that case was decided when the taxation of corporations was accomplished under a franchise tax, the apportionment formula there utilized to allocate a fair and equitable portion of net income of the corporation to Vermont was identical to the one now contained in 32 V.S.A. § 5833(a). Furthermore, both the franchise tax and the corporate income tax utilized the taxable income reported on the corporation's Federal tax return as the starting point for the assessment of the tax. Compare *F. W. Woolworth Co.* v. *Commissioner of Taxes, supra,* 130 Vt. at 550–53, with *Gulf Oil Corp.* v. *Morrison, supra,* 120 Vt. at 326–27.

Gulf Oil Corporation argued against the taxation of dividends it received from its wholly owned subsidiaries which had no direct relationship with its business in Vermont. It alternatively argued that the tax imposed on such dividends was illegal because the Commissioner of Taxes imposed the tax without modifying the allocation formula to include the value of the stock of the corporations located wholly without Vermont from which it received the dividends.

This Court, in *Gulf Oil Corp.* v. *Morrison, supra,* pointed out that the assessment of the tax against dividends received is not a tax assessed against the corporations paying those dividends. It is a tax assessed solely against the income of the corporation which receives those dividends. *Id.* 120 Vt. at 328. This is true regardless whether the tax is called a franchise or corporate income tax. Therefore, the allegation that dividend income must be deemed to be income from Woolworth's foreign stores, necessitating the inclusion of the foreign apportionment factors in the apportionment formula, cannot be sustained.

■ Dividend income is reported as part of the Vermont net income from the Federal tax return of the corporate taxpayer. *F. W. Woolworth Co.* v. *Commissioner of Taxes, supra; Gulf Oil Corp.* v. *Morrison, supra,* 120 Vt. at 328. Such income, being an integral part of the corporation's financial and economic structure, is an integral part of the computation of Vermont net income for the purpose of allocation of a fair and equitable portion of all corporate income to Vermont. *Gulf Oil Corp.* v. *Morrison, supra; see also Hoosier Engineering Co.* v. *Commissioner of Taxes,* 124 Vt. 341, 345, 205 A.2d 821 (1964).

"Gross-up", in contrast, is a creation of the Federal income tax system, wholly foreign to a corporation's financial and economic structure. The inclusion of this item, directly traceable to the business activities of a foreign corporation, in taxable corporate income would constitute an arbitrary and unfair representation of "the extent of the business activities of a corporation within this state," in contravention of 32 V.S.A. § 5833 (b), if the allocation formula of § 5833 were not modified in accordance with the mandate of that statutory provision. *See F. W. Woolworth Co.* v. *Commissioner of Taxes, supra,* 130 Vt. at 557.

■ The Legislature has provided no statutory authority either under the franchise tax or under the corporate income tax for specialized allocation of dividend income separate and apart from the allocation of all other forms of corporate income, and this Court cannot undertake to do so here, absent a showing that the formula of apportionment designated by the Legislature was intrinsically arbitrary or that the allocation formula used operated unreasonably and arbitrarily. *Gulf Oil Corp.* v. *Morrison, supra,* 120 Vt. at 330. The Commissioner there was provided no legislative authority to consider intangible personal property, the value of stock, as a factor in the allocation formula in a tax assessment made against the dividends received by Gulf Oil Corporation from corporations located wholly without Vermont. *Id.* at 329. The Commissioner here is provided no legislative authority to consider the property, payroll and sales of a foreign subsidiary corporation which pays dividends to Woolworth as a

factor in the allocation formula in a tax assessment made against those dividends.

Legislative functions cannot be undertaken in the guise of judicial interpretation. *State* v. *Ball,* 123 Vt. 26, 31, 179 A.2d 466 (1962) ; *see also State* v. *Franklin County Savings Bank & Trust Co.,* 74 Vt. 246, 52 A. 1069 (1902). To add dividend income to "gross-up" and allocate it according to the adjusted apportionment formula required by *F. W. Woolworth Co.* v. *Commissioner of Taxes, supra,* 130 Vt. at 557, would do just that. Moreover, it would give Woolworth an unfair advantage with respect to its foreign dividend income over all other corporations within Vermont which receive dividend income without benefit of such adjusted formula. This Court cannot undertake to provide a specialized apportionment formula to specific items of corporate income when the Legislature chose not to do so by statute or by a grant of authority to the Commissioner of Taxes where it has not been established that the apportionment formula does not fairly represent the extent of the business activities of a corporation within Vermont. 32 V.S.A. § 5833(b).

Woolworth also maintains that the Commissioner wrongfully excluded "withholding taxes on dividends received from foreign subsidiaries" from "gross-up". However, the withholding tax is a direct tax on the dividend income realized by a domestic corporation, as Woolworth states in its brief, not a tax paid or deemed paid by a foreign subsidiary corporation. Since the withholding tax is not part of "gross-up", directly traceable to the business activities of the foreign corporation, but a portion of the dividend income of the domestic corporation paid to the country wherein the foreign corporation is located, there is no basis for including the property, payroll, and sales of the foreign subsidiary as a factor in the allocation formula utilized to impose the Vermont corporate income tax. The sum of money, "about $20,000,000", stated in *F. W. Woolworth Co.* v. *Commissioner of Taxes, supra,* 130 Vt. at 556, contended by Woolworth to be the actual amount of "gross-up", did not mean to suggest that the Commissioner was precluded from an examination of Woolworth's declared Vermont net income to determine the

proper assessment to be made of a corporate income tax. Woolworth takes nothing by this claim of error.

No conflict between the Commissioner's determination made under the authority vested in him by 32 V.S.A. § 5833(b) and the holding in *F. W. Woolworth Co.* v. *Commissioner of Taxes, supra,* has been shown to this Court by Woolworth.

*Judgment affirmed.*

**Larrow, J.** (dissenting). I have no substantial disagreement with the conclusions of the majority opinion in this case, or with the rationale employed to reach those conclusions. Implied, however, in the majority opinion is tacit agreement with the conclusions arrived at in the first appeal in this matter. *F. W. Woolworth Co.* v. *Commissioner of Taxes,* 130 Vt. 544, 298 A.2d 839 (1972). Insofar as assent to the majority opinion would seem to me to imply acquiescence in the first opinion also, I feel obligated to dissent.

In several places (*cf. Woolworth, supra,* pp. 551, 557) the prior opinion refers to "gross-up" as a dividend or as dividend income. This, coupled with the garbled definition set forth at the bottom of p. 551, impels me to conclude that the essential nature of "gross-up" was misconstrued. Although it is "deemed" paid under Federal tax law for the purpose, where appropriate, of determining the Federal tax credit of a domestic corporation, it is never, in fact, received by or paid out by that corporation. It is merely a determined proportion of the taxes paid directly by the foreign subsidiary to the foreign country, thereafter treated for determining tax liability to the United States as though it had been received as a dividend and paid out in foreign taxes against the domestic corporation. The obvious purpose, essentially Federal, is to encourage domestic ownership of foreign corporations through special tax treatment.

In my view, this particular item, which the domestic corporation never received, either actually or constructively, and which it was not at any time entitled to receive, does not become taxable income of the taxpayer, even though "deemed" or treated as such for the purpose of computing its tax in the event it elects to claim credit in that amount. It is merely, as the prior opinion acknowledges (*Woolworth, supra,* p. 551) one step taken in the computation of taxable income.

Two further items tend to strengthen my view. 32 V.S.A. § 5888(2), as then in effect, made payment to the United States of an income tax *prima facie* evidence that the various included items of income, deductions, exemptions and credits are in fact such. The prior opinion, in my view, made such payment conclusive evidence rather than prima facie. If the words have any meaning at all, they must permit, upon a showing that an item was never either actually or constructively received and that the taxpayer never had any entitlement to it, a conclusion the item was not in fact income. Also, prior to the rendition of the opinion but unmentioned in it, the Vermont Legislature (Sec. 12, No. 73, Acts of 1971) expressly amended 32 V.S.A. § 5811(18) to exclude "gross-up" from Vermont net income. I am aware that an argument from legislative intent is at best a weak one. But the legislative change must be attributed either to a policy of lessened taxation on foreign corporations or a recognition that the amendment embodies and clarifies its previous intent. The latter conclusion seems the more logical.

The findings and conclusions below set forth the formula used by the Commissioner in making the computations required by the previous opinion. I do not agree to its accuracy, nor do I understand the majority opinion to expressly endorse it. But its accuracy was not put in issue, either below or in this Court, and is therefore not for determination.

I would review and revise the prior opinion, remanding to the Commissioner for new computations, excluding "gross-up" from the Vermont net income of the taxpayer for the years in question.