### In re Appeal of Norris Knosher

[428 A.2d 1104]

No. 203-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

Motion for Reargument Denied February 23, 1981

*Norris Knosher,* pro se, Montpelier, Plaintiff.

*Paul P. Hanlon,* General Counsel, Department of Taxes, Montpelier, for Defendant.

**Billings, J.** This case involves an appeal by a taxpayer from an assessment of additional income taxes made by the Vermont Department of Taxes (Department).

Under the Tax Reduction and Simplification Act of 1977, Pub. L. No. 95–30, § 202, 91 Stat. 126 (1977), sections 44B and 51 of the Internal Revenue Code permitted a partial income tax credit for wages paid to certain new employees. Under I.R.C. § 280C a taxpayer was not allowed to claim a deduction for wages paid to the extent of the credit allowed. The taxpayer in this case claimed a certain amount as a new jobs credit on his federal income tax return for the year 1977. Vermont income tax liability for that year was defined as 25% of the taxpayer's federal income tax liability. Vt. Acts 1967, No. 121, § 4. In determining his Vermont income tax liability the taxpayer calculated his federal income tax liability as if he had not claimed the new jobs credit and had claimed a full deduction for wages paid. This reduced his Vermont income tax liability by $54.25. The Department issued a tax assessment for that amount. The taxpayer appealed, and after a hearing the Deputy Commissioner of Taxes affirmed the assessment. The taxpayer appealed the determination of the Deputy Commissioner to the Washington Superior Court. In accordance with V.R.A.P. 5(a) that court reported the following question to this Court:

> May a taxpayer elect to calculate his Vermont income tax for 1977 based upon what his federal income tax lia-

bility would be if he deducted all salaries actually paid to employees, even though he did in fact take the Federal new jobs credit and reduced his deduction for salaries on his Federal return by the amount of the new jobs credit as required by Internal Revenue Code § 280C where the new jobs credit is taken?

The answer to this question depends on the definition of federal income tax liability for Vermont income tax purposes. For the tax year in question this was defined as follows:

"Federal income tax liability" means, for any taxpayer and for any taxable year, the federal income tax payable by the taxpayer for that taxable year under the laws of the United States after the allowance of the retirement income credit, investment credit, foreign tax credit, child care and dependent care credits, general credit, and tax-free covenant bonds credit, but *before the allowance of any other credit against that liability* or the addition of any surtax upon that liability granted or imposed under the laws of the United States. (Emphasis added.) Vt. Acts, 1978, No. 117 (Adj. Sess.), § 1.

It is clear from this section that the taxpayer may not claim as his federal income tax liability a figure after the allowance of the new jobs credit, as this is not one of the credits listed. This is not, however, what the appellant seeks to do. He wishes to claim as a deduction the full amount of wages which he paid to employees. Under the language of this section he may do so. Federal income tax liability is the federal tax payable before the allowance of the new jobs credit. It is only after this credit is allowed that, under section 280C of the Internal Revenue Code, the taxpayer is denied a deduction for wages paid to the extent of the credit allowed. Before the allowance of the new jobs credit the taxpayer is entitled to the full deduction for wages paid. If the taxpayer were not permitted to take the full deduction for wages paid, it would overstate the taxpayer's income, and Vermont in effect would be taxing the federal new jobs credit.

The Department has argued that a legislative intent not to allow a taxpayer the benefit of wage deductions to the extent of the new jobs credit allowed may be inferred from acts subsequent to the tax year in question. In 1980 the legislature

enacted 32 V.S.A. § 5823(a)(5) which provided, for tax years after January 1, 1979, the very relief sought by the taxpayer in this case. It is, of course, difficult to determine what the intent of the legislature may have been, but we believe this amendment supports the taxpayer's position in this case. "[T]he legislative change must be attributed either to a policy of lessened taxation . . . or a recognition that the amendment embodies and clarifies its previous intent. The latter conclusion seems the more logical." *F. W. Woolworth Co.* v. *Commissioner of Taxes*, 133 Vt. 93, 101, 328 A.2d 402, 407 (1974) (Larrow, J., dissenting).

We believe that our holding in the present case is inconsistent with our earlier decision in *F. W. Woolworth Co.* v. *Commissioner of Taxes*, 130 Vt. 544, 298 A.2d 839 (1972). *Woolworth* concerned the interpretation of a different statutory provision and was not cited by the Department, but the issue is analogous to that of the case at hand. Justice Larrow, in a dissenting opinion in a later related case, criticized the reasoning in *Woolworth*. *F. W. Woolworth* v. *Commissioner of Taxes, supra,* 133 Vt. at 100, 328 A.2d at 407. We find his dissent more persuasive than the opinion in the earlier *Woolworth* decision, and do not consider that decision to be controlling in the case at hand. To the extent that the opinion in *F. W. Woolworth* v. *Commissioner of Taxes, supra,* 130 Vt. 544, 298 A.2d 839 (1972), is inconsistent with our decision in the present case, it is overruled.

*The reported question is answered in the affirmative.*