725 P.2d 833

**SUTIN, THAYER & BROWNE, a Professional Corporation and Conquistadores, Inc., Appellants,**

v.

**REVENUE DIVISION OF the TAXATION AND REVENUE DEPARTMENT, Appellee.**

No. 7833.

Court of Appeals of New Mexico.

Dec. 20, 1984.

Ordered Published May 3, 1985.

Certiorari Denied Jan. 23, 1986.

Paul G. Bardacke, Atty. Gen., Paula Forney-Thompson, Asst. Atty. Gen., Santa Fe, for appellee.

Stephen Charnas, Franklin Jones, Sutin, Thayer & Browne, P.C., Albuquerque, for appellants.

**OPINION**

DONNELLY, Chief Judge.

Appellant, Sutin, Thayer & Browne (Taxpayer), appeals from a decision and order of the Director of the New Mexico Taxation and Revenue Department (Department) denying Taxpayer's application for a tax refund. The single issue raised on appeal is whether the Taxpayer should be permitted to claim a wage deduction for state corporate income taxes that exceeds the deduction claimed for federal corporate income taxes, the deduction for federal purposes having been reduced in order to take a federal new jobs credit. We affirm.

**FACTS**

The parties have stipulated to the facts on appeal.

The Tax Reduction and Simplification Act of 1977, Pub.L. No. 95–30, 91 Stat. 126 (1977) (amended in 1978, Pub.L. 95–600, 92 Stat. 2763, at 2830 (1978)), created a new jobs tax credit that provided employers with a tax incentive to create new jobs. Under the act, a corporation may either: (1) claim a federal tax deduction for wages paid to its employees; or (2) elect a jobs credit for the wages paid to certain new employees.

On December 22, 1981, Taxpayer filed its New Mexico corporate income tax return for the fiscal year ending in 1977. The

return requested a refund of $2,233 based on the federal jobs tax credit. The Department denied the request for refund on the basis that, although the credit in effect reduces federal taxable income, it will not be treated as reducing state taxable income.

The issue was heard by a hearing examiner. On April 13, 1984, the examiner adopted findings of fact and conclusions of law and rendered a decision determining that the Taxpayer had failed to establish its right to the claimed refund.

### CLAIM FOR JOB CREDIT DEDUCTION

The formula for computing taxable income on New Mexico's corporate income tax return is based upon Line 30 of Federal Income Tax Form 1120. The issue on appeal is whether New Mexico imposes an income tax which is based on federal taxable income as reported on Line 30, without adjustment for a new jobs credit or any other credit appearing below Line 30. By statute, NMSA 1978, Section 7-2A-2(M) (Repl.Pamp.1983), New Mexico defines state taxable income as the taxable amount calculated according to the Internal Revenue Code guidelines for determining federal income tax. The Department's interpretation of state law is that New Mexico adheres strictly to the Line 30 amount and does not provide a new jobs tax credit against the amount of corporate income tax owed to the state.

Under the federal statute creating the new jobs credit, if an employer elects to take advantage of the new jobs credit, the deduction for wages paid to the targeted employee is reduced by the amount of the computed credit. If the employer takes the credit, then the taxable income reflected on Line 30 of the taxpayer's federal return would be greater than in a case where no credit is taken. This is because the wage deduction would be lower to reflect the credit taken below Line 30 and as a result the Line 30 taxable income amount would be higher.

Taxpayer argues that, due to the way the federal new jobs tax credit works, it should be permitted to take a state tax wage deduction in an amount equal to the federal tax wage deduction which could have been taken instead of the new jobs tax credit. Taxpayer submits that for the Department to impose a state tax on federal taxable income reported on Line 30, without affording the Taxpayer a corresponding state credit or wage deduction, is unfair. Taxpayer argues that in this case Line 30 of the federal tax form does not accurately reflect federal taxable income. It argues that federal taxable income actually equals the Line 30 amount minus the amount of the credit. Taxpayer claims that this reduced amount more accurately reports federal taxable income for state income tax purposes.

Taxpayer contends that, unless an appropriate wage deduction is permitted by the Department, the result will be that its taxable income is overstated. If the wage costs for state taxes are not increased by an amount equal to the federal credit, Taxpayer claims the state will in effect overtax the corporation by taxing the federal credit amount. In support of its position, Taxpayer relies upon *F.W. Woolworth Co. v. Taxation & Revenue Department of New Mexico*, 458 U.S. 354, 102 S.Ct. 3128, 73 L.Ed.2d 819 (1982) (*Woolworth III*). In *Woolworth III* the United States Supreme Court reversed the New Mexico Supreme Court decision of *Taxation & Revenue Department of New Mexico v. F.W. Woolworth Co.*, 95 N.M. 519, 624 P.2d 28 (1981) (*Woolworth II*) (Line 30 of federal income tax form 1120 is exclusively determinative of state taxable income). *Woolworth II* in turn had reversed the decision of this court in *F.W. Woolworth Co. v. Bureau of Revenue of New Mexico*, 95 N.M. 542, 624 P.2d 51 (Ct.App.1979) (*Woolworth I*) (Line 30 of federal income tax form 1120 is *not* exclusively determinative of state taxable income).

At issue in the *Woolworth* cases was whether certain income of Woolworth's foreign subsidiaries was to be included in the corporation's state taxable income. There were two specific types of income at issue:

(1) dividends paid to Woolworth by its foreign subsidiaries; and (2) "gross-up", which is defined as foreign taxes paid by a foreign subsidiary and declared as dividend income by the parent corporation. This "gross-up" amount must be declared as dividend income if the parent corporation elects to claim a foreign tax credit for the taxes paid by its subsidiaries abroad. *See* 26 U.S.C. § 78 (1982).

The United States Supreme Court in *Woolworth III* reversed the New Mexico Supreme Court on both the dividend and "gross-up" issues. But, the decision did not expressly hold that the stated income on Line 30 is or is not exclusively determinative of federal taxable income in the context of a state's use of this amount to calculate state taxable income.

The holding in *Woolworth III* is not controlling in the instant case because "gross-up" was determined to be an artificial amount, never received by the taxpayer, while in the jobs-credit situation, the income is actually received by the taxpayer. *Woolworth III* is also distinguishable because the United States Supreme Court held that, because the foreign subsidiaries had no unitary business with New Mexico, due process precluded the state from taxing any "dividends" received from these subsidiaries. Since "gross-up" was artificially classified as dividend income, state taxation of these amounts was also prohibited by the requirements of due process.

Addressing the issue in the present case, the parties each rely upon diverse decisions from other jurisdictions. Taxpayer cites as controlling precedent *Appeal of Knosher*, 139 Vt. 285, 428 A.2d 1104 (1981). In *Knosher*, the taxpayer reduced his wage deduction on his federal tax returns in order to claim the federal new jobs credit and sought to deduct all his wage expenses for state income tax purposes. The Supreme Court of Vermont allowed the taxpayer the full wage deduction, stating:

> Federal income tax liability is the federal tax payable before the allowance of the new jobs credit. It is only after this credit is allowed that, under section 280C

of the Internal Revenue Code, the taxpayer is denied a deduction for wages paid to the extent of the credit allowed. Before the allowance of the new jobs credit the taxpayer is entitled to the full deduction for wages paid. If the taxpayer were not permitted to take the full deduction for wages paid, it would overstate the taxpayer's income, and Vermont in effect would be taxing the federal new jobs credit.

*Id.* at 1105.

In contrast with the result in *Knosher*, the Department cites the holding in *Freeman v. Director of Revenue of Missouri*, No. RI–82–0399 (Mo. February 22, 1984), an administrative decision of the State of Missouri. *Freeman* held that Missouri did not adopt the federal income tax law in its entirety and that the state merely adopted the federal figure for adjusted gross income as a starting point for determining Missouri taxable income. No specific state statutory authority indicated an intention to permit the taxpayer to deduct those salaries taken on its federal return as a new jobs credit.

In our view, the Department's denial of the Taxpayer's application for refund was proper. This state premises state taxable income on federal taxable income and recognizes only those deductions stated above Line 30. The gravamen of Taxpayer's argument is that it should be allowed an additional deduction not recognized by state law. We reject Taxpayer's argument. Calculation of base income for New Mexico income tax purposes, through the use of Line 30 from the taxpayer's federal income tax form, has been upheld. *See Champion International Corp. v. Bureau of Revenue*, 88 N.M. 411, 540 P.2d 1300 (Ct.App.1975).

When a jobs credit is taken, a corresponding wage deduction is specifically precluded under federal law. 26 U.S.C. § 280C (1982). The Internal Revenue Code does not allow a taxpayer to take advantage of the new jobs credit and deduct all wage expenses for targeted employees. With regard to state taxes, New Mexico

only allows federally authorized deductions to be used in computing state taxable income if these deductions are reflected on Line 30 of Federal Income Tax Form 1120. New Mexico does not permit a revised wage deduction to decrease the Line 30 amount. A taxpayer, therefore, cannot claim the federal credit on its federal return then add in the wage deduction it forfeited on its federal return when calculating state taxable income.

A taxpayer has the burden of showing that it comes within the terms of a statute permitting a tax deduction. *Mobil Oil Corp. v. State Tax Commission of Missouri*, 513 S.W.2d 319 (Mo.1974). Federal or state deductions are a matter of legislative grace and a way of achieving policy objectives. *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348 (1934).

A taxpayer's claim to a higher wage deduction must be denied in the absence of a showing of clear legislative intent to permit the deduction. *See Caterpillar Tractor Co. v. Lenckos*, 77 Ill.App.3d 90, 32 Ill.Dec. 786, 395 N.E.2d 1167 (1979), *affirmed*, 84 Ill.2d 102, 49 Ill.Dec. 329, 417 N.E.2d 1343 (1981). A taxpayer who makes an election for federal purposes is bound by that election in calculating the amount of its state taxes. *Id.*

The order denying the tax refund is affirmed.

IT IS SO ORDERED.

HENDLEY and MINZNER, JJ., concur.