This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40958

IN THE MATTER OF THE CONSOLIDATED
PROTESTS OF:

ISD RENAL, INC. TO THE DENIAL OF
REFUND ISSUED ON APRIL 10, 2018;

TOTAL RENAL CARE, INC. TO THE DENIALS
OF REFUND ISSUED ON APRIL 10, 2018;

TOTAL RENAL CARE, INC. TO THE DENIALS
OF REFUND ISSUED ON JANUARY 17, 2019;

ISD RENAL, INC. TO THE DENIAL OF REFUND
ISSUED ON JANUARY 18, 2019;

TOTAL RENAL CARE, INC. TO THE DENIALS
OF REFUND ISSUED UNDER LETTER
ID NO. L1054722736;

ISD RENAL, INC. TO THE DENIAL OF REFUND
ISSUED UNDER LETTER ID NO. L0786287280,

      Protestants-Appellees,

v.

NEW MEXICO TAXATION & REVENUE
DEPARTMENT,

      Respondent-Appellant.

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Chris Romero, Administrative Hearing Officer**

Holland & Hart LLP
John C. Anderson
Santa Fe, NM

for Appellees

Raúl Torrez, Attorney General
David Mittle, Special Assistant Attorney General
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}**     Respondent the New Mexico Taxation and Revenue Department (the Department) appeals the Administrative Hearing Officer's (AHO) grant of summary judgment to Taxpayers ISD Renal, Inc. and Total Renal Care, Inc. (collectively, Taxpayers), in which the AHO concluded that Taxpayers, as end-stage renal disease facilities, were entitled to a refund of gross receipts taxes based on a tax deduction (the Deduction) provided by NMSA 1978, Section 7-9-93(A) (2016, amended 2024) and related regulations, 3.2.241.13 NMAC (5/31/2006) and 3.2.241.17 NMAC (5/31/2006)[1]. On appeal, the Department argues the AHO improperly held that (1) Taxpayers are "health care practitioners" that qualify for the Deduction; (2) Taxpayers are not "outpatient facilities" subject to exemption from the Deduction; and (3) the Department is estopped from withholding relief from Taxpayers because Taxpayers acted in accordance with the regulations effective during the time the asserted liability for tax arose. *See* NMSA 1978, § 7-1-60 (1993). We affirm because Taxpayers qualified for the Deduction as end-stage renal disease facilities that employed health care practitioners, and were not otherwise exempted as outpatient facilities licensed under the Public Health Act, NMSA 1978, §§ 24-1-1 to -44 (1973, as amended through 2024). We further affirm that the Department was estopped from withholding relief.

**{2}**     Because this is a memorandum opinion and the parties are familiar with this case, we limit our discussion of the facts and procedural history as they become necessary to our analysis.

**DISCUSSION**

**{3}**     "A hearing officer's decision is set aside only if we find it to be (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." *Robison Med. Rsch. Grp. v. N.M. Tax'n & Revenue Dep't*, 2023-NMCA-065, ¶ 4, 535 P.3d 709 (alteration, internal

---

[1]The Department contends that we should retroactively apply the 2021 version of Section 7-9-93(A). We conclude the AHO correctly applied the 2016 version of the statute because "Taxpayers' applications for refund . . . were all filed after the effective date of the 2016 version of the statute," and before implementation of the 2021 version. We also refer to the 2016 version of the statute here, unless otherwise noted. Similarly, we refer to the 2016 versions of the regulations that were in place when Taxpayers filed their protest.

quotation marks, and citation omitted); *see* NMSA 1978, § 7-1-25(C) (2015). "We review de novo questions of law and the application of the law to the facts." *Robison Med. Rsch. Grp.*, 2023-NMCA-065, ¶ 4.

**{4}** The Department's tax assessment, including the denial of a deduction, is presumptively correct, and taxpayers bear the burden of overcoming that presumption. *See Gemini Las Colinas, LLC v. N.M. Tax'n & Revenue Dep't*, 2023-NMCA-039, ¶ 15, 531 P.3d 622; *see also Sutin, Thayer & Browne v. N.M. Tax'n & Revenue Dep't*, 1985-NMCA-047, ¶ 17, 104 N.M. 633, 725 P.2d 833 ("A taxpayer has the burden of showing that it comes within the terms of a statute permitting a tax deduction.").

## I. Taxpayers May Claim the Deduction as Employers of Health Care Practitioners

**{5}** The Department first argues that Section 7-9-93(A) only allows individual "health care practitioners" to receive the Deduction, and that Taxpayers were not eligible because they are not individuals but rather "subsidiaries of a New York Stock Exchange listed company." *See* § 7-9-93(A) ("Receipts of a *health care practitioner* for commercial contract services or medicare part C services paid by a managed health care provider or health care insurer may be deducted from gross receipts if the services are within the scope of practice of the *health care practitioner* providing the service." (emphases added)); *see also Robison Med. Rsch. Grp.*, 2023-NMCA-065, ¶ 11 ("[T]he language and history of the [s]tatute support a conclusion that health care practitioners are individuals.").

**{6}** This Court recently determined that an employer, including companies like Taxpayers, may claim tax deductions under Section 7-9-93(A) and the accompanying regulations so long as they employ health care practitioners. *See Robison Med. Rsch. Grp.*, 2023-NMCA-065, ¶ 12 ("[R]egulation [3.2.241.13 NMAC] permits an employer entity to take the [d]eduction on behalf of an employee, provided that the entity is not otherwise excluded and the remaining requirements under the [s]tatute are satisfied."). Section 7-9-93(C)(3)(K) defines "health care practitioner" as "a registered nurse or licensed practical nurse licensed pursuant to the provisions of the Nursing Practice Act." Here, the Department does not dispute the fact that the AHO found "[a]ll dialysis services provided to patients through Taxpayers' end-stage renal disease facilities in New Mexico are overseen by a [r]egistered [n]urse licensed by the State of New Mexico." We conclude that Taxpayers were entitled to claim the Deduction as employers of health care practitioners—registered nurses in this case—and turn to the question of whether they were otherwise excluded under the statute. *See Robison Med. Rsch. Grp.*, 2023-NMCA-065, ¶ 12.

## II. Taxpayers Are Not Outpatient Facilities Subject to Exemption From the Deduction

**{7}** The Department argues the 2021 version of Section 7-9-93, and the existing Department regulations it codified, specifically exempt Taxpayers because they are

"outpatient facilit[ies]" licensed under the Public Health Act. *See* § 7-9-93(C)(1)(b) (2021); 3.2.241.13 NMAC; 3.2.241.17 NMAC. Taxpayers denied this allegation in their motion for summary judgment, arguing that they may receive the deduction because they are not licensed as outpatient facilities, as evidenced by the fact that they operate exclusively as end-stage renal disease facilities under the Public Health Act. The AHO agreed.

**{8}** The AHO found "that Taxpayers are not licensed as 'outpatient facilities,' but are licensed as 'end-stage renal disease facilities' under Regulation 7.36.2.1 NMAC (10/31/1996)" and noted that "[o]utpatient facilities are licensed under Regulation 7.11.2 NMAC [(2/13/2006)] and includes only specific types of facilities, none of which are end-stage renal disease facilities." As such, the AHO concluded, "[T]he Department of Health perceives 'end-stage renal disease facilities' differently from 'outpatient facilities,'" which has the effect of excluding "end-stage renal disease facilities from its list of ineligible entities for the [D]eduction." Therefore, the AHO held that "Taxpayers' receipts meet the statutory and regulatory criteria for the [D]eduction."

**{9}** To counter the AHO's decision, the Department broadly argues that Taxpayers are indeed outpatient facilities as a matter of law based on a plain reading of the 2021 version of Section 7-9-93 and other related statutes and regulations. First, the Department argues that we should not follow the AHO's holding because it incorrectly exempted only the "outpatient facilities" listed under 7.11.2.9 NMAC (repealed and replaced by 8.370.18) and Section 7-9-93(C)(1)(b) (2021) should apply to all entities licensed under the Public Health Act, including dialysis and kidney facilities licensed under 7.36.2 NMAC (repealed and replaced by 8.370.24) at the time of Taxpayer's protest. We conclude that the AHO's holding properly limits the Deduction exemption under any version of Section 7-9-93 to those outpatient facilities licensed under 7.11.2.9 NMAC. Section 7-9-93(C)(1)(b) (2021) limits its applicability, in relevant part, to "*outpatient facilit*[*ies*] . . . licensed pursuant to the Public Health Act," (emphasis added), rather than *all entities* as the Department suggests. Pursuant to the Public Health Act, the Department of Health promulgated regulations to control the licensure of "outpatient facilities" in particular. *See* 7.11.2.3 NMAC (repealed and replaced by 8.370.19) (statutory authority). *See generally* 7.11.2.1 to -.75 NMAC (repealed and replaced by 8.370.19) (requirements for "outpatient facilities"). As the AHO recognized, 7.11.2.9 NMAC of these regulations spells out which types of facilities are "outpatient facilities" for purposes of these licensure requirements. End-stage renal disease facilities, like Taxpayers, are not listed in 7.11.2.9 NMAC; they instead fall under an entirely different regulatory scheme (7.36.2 NMAC). We thus perceive no error with the AHO's conclusion that "Taxpayers[, as end-stage renal disease facilities,] are not outpatient facilities under the Public Health Act or the regulations of the Department of Health[,]" and therefore are not excluded from receiving the Deduction on this basis under Section 7-9-93(C)(1)(b).

**{10}** The Department otherwise points to the Legislature's inclusion of a specific tax deduction for dialysis centers in NMSA 1978, Section 7-9-77.1 (2021, amended 2022), as proof that the Legislature would have included dialysis centers as recipients of the

Deduction under Section 7-9-93, had it intended to do so. However, the opposite inference is appropriate. The inclusion of a deduction for dialysis centers in Section 7-9-77.1 (2021) suggests that the Legislature would have deliberately excluded Taxpayers from Section 7-9-93 had it wished to do so. *See Roser v. Hufstedler*, 2023-NMCA-040, ¶ 9, 531 P.3d 615 ("The Legislature knows how to include language in a statute if it so desires." (internal quotation marks and citation omitted)). Further, Section 7-9-93 does not exclusively state who qualifies for the Deduction, and AHOs must decide whether the Department properly excludes a taxpayer from the Deduction based on the taxpayer's presentation of facts and the legislative or regulatory requirements. *See Robison Med. Rsch. Grp.* 2023-NMCA-065, ¶ 15 ("Entitlement to the [d]eduction is an inherently factual inquiry, and each case must be considered according to the legal requirements and the evidence presented.").

**{11}**    We briefly note that the Department attempts to offer new evidence on appeal (e.g., how Taxpayers' parent company refers to itself) to counter Taxpayers' presentation of evidence below and demonstrate that the ordinary and plain definition of "outpatient facility" includes dialysis centers, which would indicate that Taxpayers should have been excluded from the Deduction. This Court will not consider the Department's new factual claims that a dialysis center is an outpatient facility. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 ("[R]eference to facts not before the [lower tribunal] and not in the record is inappropriate and a violation of our Rules of Appellate Procedure.").

**{12}**    We ultimately perceive no error in the AHO's conclusion that Taxpayers met their burden to prove they could receive the Deduction because they were licensed as end-stage renal disease facilities pursuant to 7.36.2 NMAC, rather than as outpatient facilities under 7.11.2.9 NMAC. *See Robison Med. Rsch. Grp.*, 2023-NMCA-065, ¶¶ 4, 15. As in *Robison*, the regulations filled in the gap to clarify the Legislature's intent as to who could receive the Deduction in this case. *See* 2023-NMCA-065, ¶ 12 ("Although the [s]tatute's history and language do not answer this question, the regulations fill the gap").

### III.    The Department Is Estopped From Withholding Relief

**{13}**    The Department argues the AHO erroneously concluded that it was estopped from withholding the Deduction from Taxpayers. The AHO based this conclusion on NMSA 1978, Section 7-1-60 (1993), which states:

> In any proceeding pursuant to the provisions of the Tax Administration Act, the [D]epartment shall be estopped from obtaining or withholding the relief requested if it is shown by the party adverse to the [D]epartment that the party's action or inaction complained of was in accordance with any regulation effective during the time the asserted liability for tax arose or in accordance with any ruling addressed to the party personally and in writing by the secretary, unless the ruling had been

rendered invalid or had been superseded by regulation or by another ruling similarly addressed at the time the asserted liability for tax arose.

**{14}**     The Department claims that Section 7-1-60 only applies to decisions regarding tax liability, not tax deductions, and cites nonbinding authority to draw the distinction between the two concepts. However, a plain reading of Section 7-1-60 shows that it applies to estop the Department from withholding *relief* as long as the taxpayer shows that it acted "in accordance with any regulation effective during the time the asserted liability for tax arose." *Id.* The clause regarding tax liability limits the timeframe in which we consider the regulations at issue, not the circumstances under which the statute applies.

**{15}**     The Department was estopped from withholding relief here because Taxpayers demonstrated that they acted in accordance with the regulations in place at the time of their petition—3.2.241.13 and 3.2.241.17 NMAC. Under those regulations, Taxpayers proved they could receive the Deduction as employers of healthcare providers, and were not otherwise exempted as outpatient facilities. To withhold relief would directly contradict the Department's own regulations. The AHO therefore properly concluded that the Department was estopped from withholding the Deduction.

**CONCLUSION**

**{16}**     For the foregoing reasons, we affirm.

**{17}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**